Marc J. Randazza, Esq., SBN 269535
Randazza Legal Group
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 (fax)
MJR@randazza.com

Attorney for Plaintiff,
LIBERTY MEDIA HOLDINGS, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| Liberty Media Holdings,<br><br>      Plaintiff,<br><br>vs.<br><br>John Jacob Lee,<br><br>      Defendant. | Case No. **'11CV0578 JLS BGS**<br><br>**COMPLAINT**<br><br>(1) **COPYRIGHT INFRINGEMENT** – 17 U.S.C. § 501 |

Plaintiff, Liberty Media Holdings ("Liberty" or "Plaintiff") files this complaint against John Jacob Lee ("Lee" or "Defendant") and alleges as follows:

### JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the U.S. Copyright Act of 1976, as amended, 17 U.S.C §§ 101 et seq. (the Copyright Act). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a)

2. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a).

3. This Court has personal jurisdiction over the Defendant as he has committed tortious acts within this district and/or aimed his tortious acts toward this district with the knowledge that the negative consequences thereof would be felt in this jurisdiction.

## THE PARTIES

### THE PLAINTIFF, LIBERTY MEDIA HOLDINGS, LLC

1. Liberty is a California LLC with a mailing address of 302 Washington Street, Suite 321, San Diego, CA 92103.

2. Liberty creates and publishes original works of creative expression in the form of gay-themed adult entertainment films.

### DEFENDANT JOHN JACOB LEE

3. Defendant Lee was identified through his I.P. address, which at the time of infringement was 207.38.239.62.

4. Lee used this I.P. address to illegally republish and illegally distribute the Plaintiff's copyrighted work, "Down on the Farm," (the Work) to thousands of other individuals.

## FIRST CAUSE OF ACTION

### (Copyright Infringement 17 U.S.C. § 501)

5. The Plaintiff re-alleges and incorporates by reference as if verbatim each paragraph above.

6. Plaintiff is, and at all relevant times has been, the copyright owner of the Work. See Exhibit 1.

7. Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the Work—rights which Lee maliciously and intentionally infringed upon.

8. Plaintiff is informed and believes, and on that basis alleges, that Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system (Bit Torrent) to distribute the Work to the public, and/or make the Work available for distribution to others. In doing so, Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's copyrights and exclusive rights under the Copyright Act.

9. Plaintiff is informed and believes and on that basis alleges that the foregoing acts of infringement have been willful and intentional.

10. As a result of Defendant's infringement of Plaintiff's copyrights and exclusive rights under the Copyright Act, Plaintiff is entitled to either actual or statutory damages pursuant to 17 U.S.C. § 504(c).

11. The conduct of Defendant is causing and will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in financial terms and such harm will continue unless the Defendant is enjoined from such conduct by the Honorable Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S. C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibited Defendant from further infringing Plaintiff's copyrights, and ordering Defendant to destroy all copies of the Works made in violation of Plaintiff's exclusive rights.

### WHEREFORE; PLAINTIFF PRAYS

1. For an injunction providing:

Defendant shall be and hereby is enjoined from directly or indirectly infringing upon the Plaintiff's copyrights in the Work or any other works, whether now in existence or later created, that are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff), including without limitation by using the Internet or any online media distribution system to reproduce (i.e. download) any of Plaintiff's works, to distribute (i.e. upload) any of Plaintiff's works, or to make any of Plaintiff's works available for distribution to the public, except pursuant to a lawful license or with the Plaintiff's express authority. Defendant also shall destroy all copies of Plaintiff's works that Defendant has downloaded onto any computer hard drive or server and shall destroy all copies of those downloaded works transferred onto any physical medium or device in Defendant's possession, custody, or control.

2. For damages for each infringement of each copyrighted work pursuant to 17 U.S.C. § 504. These damages may be actual or statutory, and Plaintiff reserves the right to make such an election.

3. For Plaintiff's costs in this action.

4. For Plaintiff's attorney's fees incurred in bringing this action.

5. For such other and further relief, either at law or in equity, general or special, to which the may be entitled.

Date: March 22, 2010.

s/ Marc Randazza
Marc Randazza, SBN 269535
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113, 305-437-7662 (fax)
MJR@randazza.com